**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) CAMERON CAPITAL MANAGEMENT, INC., an Oklahoma corporation<br><br>Plaintiff,<br><br>v.<br><br>(1) GMP GROUP, INC., a California corporation<br><br>Defendant. | Case No. CIV-24-574-J |

## COMPLAINT

Plaintiff Cameron Capital Management, Inc. ("Cameron Capital"), for its causes of action against Defendant GMP Group, Inc. ("GMP"), alleges and states as follows:

## PARTIES

1. Cameron Capital is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Oklahoma.

2. Upon information and belief, GMP is, and at all relevant times was, a California corporation with its principal place of business in California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 28 U.S.C. § 1332(a). Complete diversity of citizenship exists, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Western District of Oklahoma is where a substantial part of the acts or omissions giving

rise to the claims occurred and where a substantial part of the property that is the subject of the claims is situated, and further, because GMP is subject to personal jurisdiction in this Court. A substantial portion of the services that GMP agreed to provide—in addition to the few services that GMP actually provided—were to be performed within this judicial district of the United States.

## FACTS

5. On or around August 1, 2022, Cameron Capital and GMP entered into a written contract (the "Property Management Agreement"), whereby GMP agreed to provide various property management services on behalf of Cameron Capital at six properties across the United States (collectively, the "Properties").[1] In return, Cameron Capital agreed to compensate GMP at a fixed-rate for GMP's services under the Property Management Agreement.

6. Under the Property Management Agreement, GMP agreed to perform various services at the Properties and provide several deliverables related to the management of each Property (the "Services"), including, among others, the following:

(i) an Annual Maintenance Plan and Quarterly, Monthly, and Weekly Maintenance Checklists;

(ii) an Occupancy Plan, Advance/Prep Arrival Plan, an Occupied Plan for on-going up-keep, and a Post-Occupancy/Partial Shutdown Plan;

(iii) a Phased Equipment and Appliance Replacement Plan;

[1] Three of the Properties were located in Oklahoma City, Oklahoma.

(iv) manage Cameron Capital's on-site Property Managers;

(v) perform Accountability Checks on Program Implementation, Train On-Property Staff, and coordinate Emergency Repairs; and

(vi) develop Quarterly Maintenance Key Performance Indicators.

7. The Property Management Agreement provided for a one-year term and automatically renewed for an additional one-year term on August 1, 2023.

8. Under the Property Management Agreement, Cameron Capital agreed to compensate GMP using a base-fee (the "Base Fee"). Upon signing the Property Management Agreement, Cameron Capital paid GMP $156,250.00 for the first five months (August through December) of the Base Fee, and GMP agreed to submit bills thereafter for quarterly installments of the Base Fee.

9. Despite Cameron Capital's initial payment of the Base Fee, GMP failed to provide the Services as required of it under the Property Management Agreement. Accordingly, Cameron Capital terminated the Property Management Agreement for cause on August 18, 2023.

**FIRST CLAIM FOR RELIEF**
(Breach of the Property Management Agreement)

10. Cameron Capital realleges and incorporates by reference paragraphs 1 through 9 above as though set forth in full herein.

11. The Property Management Agreement between Cameron Capital and GMP required GMP to perform the Services at each of Cameron Capital's six Properties.

12. Cameron Capital initially paid GMP for five months of the Property Management Agreement's twelve-month Base Fee.

13. Despite accepting payment for the first five months of the Services under the Property Management Agreement, GMP failed to provide the Services for each of the Properties during the term of the Property Management Agreement.

14. GMP's failure to provide the Services for each of the Properties is a breach of its obligations under the Property Management Agreement.

15. GMP's breach has caused damages to Cameron Capital, including, but not limited to, the initial payment of the first five months of the Base Fee, and by depriving Cameron Capital of the benefit of its bargain. Such actual damages are in excess of $75,000.00.

## SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

16. Cameron Capital realleges and incorporates by reference paragraphs 1 through 15 above as though set forth in full herein.

17. Alternatively, GMP has benefited from its wrongful retention of Cameron Capital's initial payment of $156,250.00 by failing to provide the Services from August 2022 through December 2022.

18. Cameron Capital has suffered damages as a result of GMP's wrongful retention of the $156,250.00 given GMP's failure to perform the Services at the Properties.

## PRAYER FOR RELIEF

WHEREFORE, Cameron Capital prays for judgment as follows:

A) against GMP on Cameron Capital's breach of contract claim for Cameron Capital's damages from GMP's breach of the Property Management Agreement;

B) in the alternative, against GMP on Cameron Capital's claim of unjust enrichment;

C) awarding Cameron Capital its reasonable attorneys' fees, costs, and expenses; and

D) awarding Cameron Capital interest and such other legal or equitable relief as the Court deems just and proper.

Respectfully Submitted,

*s/ Bradley K. Donnell*
BRADLEY K. DONNELL, OBA #15922
GATLIN SQUIRES, OBA #34795
MCAFEE & TAFT A PROFESSIONAL CORPORATION
8th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
brad.donnell@mcafeetaft.com
gatlin.squires@mcafeetaft.com

**ATTORNEYS FOR CAMERON CAPITAL MANAGEMENT, INC.**

**DEMAND FOR JURY TRIAL**

Cameron Capital demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.